

FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 16-0555

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 16-0555

ATLANTIC RICHFIELD COMPANY,

Petitioner,

v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, SILVER BOW COUNTY, THE HON.
KATHERINE M. BIDEGARAY,

Respondent,

FILED

JUN 23 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

On May 22, 2020, the Supreme Court of the United States issued its remittitur advising of its judgment in the aforesaid cause which affirmed, in part, and reversed, in part, the decision of this Court entered December 29, 2017. This Court's decision, as well as that of the Supreme Court, addressed only landowners' claim for restoration damages. Landowners' claims for other types of compensatory damages under Montana law, including loss of use and enjoyment of property, diminution in value, incidental and consequential damages, annoyance and discomfort, and any relief *other than restoration damages*, remain unaffected by our grant of supervisory control and the Supreme Court's decision regarding the writ.

Respecting landowners' claim for restoration damages, the Supreme Court concluded the claim had not been brought in federal court under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675, (CERCLA) and that, as a result, landowners were not precluded from bringing their state claim for restoration damages under Montana law in state court. *Atl. Richfield Co. v. Christian*, ___ U.S. ___, 140 S. Ct. 1335 (2020). The Supreme Court concluded, however, that landowners were Potentially Responsible Parties (PRPs) under CERCLA and needed approval by the Environmental Protection Agency (EPA) before

undertaking any remedial action at a location designated as within a Superfund site. *Atl. Richfield Co.*, 140 S. Ct. at 1352. The Supreme Court explained that "no potentially responsible party may undertake any remedial action at the facility unless such remedial action has been authorized by the [EPA]." *Atl. Richfield Co.*, 140 S. Ct. at 1352 (quoting 42 U.S.C. § 9622(e)(6)). The Supreme Court held that "[t]he damages issue before the Court is whether Atlantic Richfield is also liable for the landowners' own remediation beyond that required under the Act." The Supreme Court answered "yes," so long as the landowners "first obtain EPA approval for the remedial work they seek to carry out." *Atl. Richfield Co.*, 140 S. Ct. at 1355. Any further remedial action for which Atlantic Richfield may be liable must first be authorized by the EPA as "such action cannot be taken in the absence of EPA approval." *Atl. Richfield Co.*, 140 S. Ct. at 1357. The Supreme Court concluded that the "approval process, if pursued, could ameliorate any conflict between the landowners' restoration plan and EPA's Superfund cleanup, just as Congress envisioned." *Atl. Richfield Co.*, 140 S. Ct. at 1357. In the absence of EPA approval of the current restoration plan, the Supreme Court declined to entertain Atlantic Richfield's claim that CERCLA otherwise preempts the plan.

Accordingly, this Court remands this matter to the District Court for further proceedings on landowners' claim for restoration damages consistent with this order and the decision of the Supreme Court.

The Clerk is directed to provide copies of this order to all parties and the presiding judge.

DATED this 23rd day of June, 2020.

_____

_____

2

_____

_____

_____
Justices